**WESTMAN et ux. v. JAMES B. CLOW & SONS, Inc.**

District Court, W. D. Texas.

January 29, 1930.

No. 418.

Powell & Green, of San Antonio, Tex., for plaintiffs.

Terrell, Davis, McMillan & Hall, of San Antonio, Tex., for defendant.

WEST, District Judge. The matter submitted for decision is defendant's motion to dismiss plaintiffs' original bill, as not stating a cause of action. Plaintiffs pray that a cloud cast upon the title to their homestead be removed. The cloud alleged consists of the filing by defendant of an abstract of judgment, in accordance with the provisions of article 3832, Texas Revised Civil Statutes, 1925. Plaintiffs assert that the property described is their homestead and that the record of the judgment lien casts a cloud upon their title, because, in their efforts to sell their homestead, probable purchasers object to their title on the ground that there is no affirmation of record to show that the judgment lien does not rest upon the property claimed by them as homestead. Plaintiffs allege that they are practically denied the right to sell so long as the judgment lien exists. The prayer is for a judgment declaring the property free and clear from any lien created by virtue of the filing of defendant's abstract of judgment. Defendant maintains that the mere filing of an abstract of judgment in pursuance of an express statutory right does not constitute an assertion of right in exempt property, creates no lien, and casts no shadow on the title thereto.

In the leading case, Muskrat v. United States, 219 U. S. 357, 31 S. Ct. 250, 254, 55 L. Ed. 246, the court has occasion to define what is meant by cases and controversies, as used in the provisions of the Constitution conferring jurisdiction upon courts. The court says: "By cases and controversies are intended the claims of litigants brought before the courts for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs. Whenever the claim of a party under the Constitution, laws, or treaties of the United States takes such a form that the judicial power is capable of acting upon it, then it has become a case. The term implies the existence of present or possible adverse parties, whose contentions are submitted to the court for adjudication." The defendant contends that other than the filing of its abstract of judgment, in so far as making any claim or contention to any right of lien existing upon any particular property is concerned, there is no assertion of right, unless the mere act of filing can be so considered.

The controlling factor in the cases cited by the plaintiffs is the clear declaration and assertion of right on the one side, and the controverting of such right on the other. In this case the assertion by the plaintiffs is that their property is a homestead. The defendant declares that it is not asserting any right or title or interest to this particular property, and, if plaintiffs' allegation be true, there is no issue raised between the parties, no controversy, and no case for the court to decide; that what the plaintiffs seek is a statement by a court of competent jurisdiction that their homestead claim is established.

The abstract of judgment does not of itself assert any claim of lien upon homestead property. If the property be such as plaintiffs declare, then there is no adverse claim created by the mere filing of the judgment lien. The suit merely opens the door affording the defendant an opportunity to contest plaintiffs' claim, if it chooses to do so. If the defendant did so, that would be an assertion of right, but defendant disclaims any such purpose. Since there is no issue to be settled, the judgment of the court would be merely declaratory of its opinion of plaintiffs' claim of right as a homestead, in no way affecting the defendant.

In these circumstances, the court is of opinion that the plaintiffs do not state a justiciable case or controversy, and that defendant's motion to dismiss should be sustained. An order to this effect to be entered in due course.