**PACIFIC FINANCE CORPORATION,**
Appellant,

v.

Dan L. DONALD et al., Appellees.

No. 5065.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 22, 1955.

Rehearing Denied Nov. 16, 1955.

Bryan, Suhr & Bering, Houston, for appellant.

J. R. Beck, W. T. Wood, Jr., Beaumont, for appellee.

WALKER, Justice.

Appeal from an order granting plaintiffs' application for a temporary injunction restraining sale of land under executions issued or to be issued under two judgments of the 80th district court of Harris County.

Plaintiffs are the appellees. They sued Andrew H. Barnacastle and wife and a number of other defendants, including the appellant, Pacific Finance Corporation, in the 60th district court of Jefferson County to foreclose a judgment lien on three lots and a part of another lot in the city of Beaumont, to-wit, Lots 269, 270, 271 and the east 10 feet of Lot 272, all in Block 46 of the old town of Beaumont. In substance, plaintiffs alleged that the lots mentioned were the property of said defendant Barnacastle; that they had a lien thereon by virtue of having abstracted a judgment for money in their favor against defendant Barnacastle; and that said lien was the first and prior lien attaching to the lots. Plaintiffs alleged that the defendants other than Mr. and Mrs. Barnacastle were asserting some interest in the property.

The transcript contains no pleading replying to this petition.

Some months after the suit was filed Pacific procured an order of sale from the District Clerk of Harris County which directed sale of a part of said lots, or if necessary all of them, and application of the proceeds of sale on the two judgments of the 80th District Court of Harris County mentioned above, and plaintiffs applied for relief by injunction to restrain sale of the lots under the order of sale and, as we construe the pleading, under said judgments. A restraining order was granted ex parte, and after a hearing the trial court granted the temporary injunction appealed from. From this order Pacific took this appeal. Another party defendant to the injunction proceedings, the United States, did not appeal.

The trial court filed findings of fact, but the evidence at the hearing consisted only of documents and records and statements to the trial court by counsel, and no issue of fact was made or exists. We will, therefore, make our statement from the evidence.

The following deeds are in evidence: (a) one dated May 31, 1945, and filed for record on June 5, 1945, from W. L. Pondrom, trustee and independent executor, to A. H. Barnacastle and wife, Christine Barnacastle, conveying lot 271 and the east 10 feet of lot 272. A vendor's lien was re-

served. (b) No conveyance of lots 269 and 270 to Mr. or Mrs. Barnacastle is in evidence. However, a deed was proved dated May 5, 1949, and filed for record on May 10, 1949, from Barnacastle and wife to Mrs. Annie Howard, conveying all of the lots now in suit, that is, Nos. 269, 270, 271 and the east 10 feet of No. 272. It contains a general warranty, and recites a consideration to grantors which is the cancellation of indebtedness and an assumption of a $2,800 debt. (c) By general warranty deed bearing the same date and filed for record on the same date as the last, Mrs. Howard conveyed all of this property to Barney's, Inc. The consideration given Mrs. Howard was described as 321 shares of stock in the grantee concern.

Pacific has recovered two judgments for money against defendant Barnacastle which also award Pacific relief against other defendants, the defendants in each suit being the same. These are the judgments of the 80th District Court of Harris County which we have mentioned. Both were rendered on the same day, September 22, 1953, one in suit 374,187 and the other in suit 393,792. The evidence does not show when these suits were filed.

In 374,187, which we will call the first suit, Pacific was awarded $14,257.30, and in 393,792, which we will call the second suit, was awarded $33,136.89. The United States intervened in each suit and in the first suit was awarded recoveries of large sums of money against both Barnacastle and his wife, but was denied a recovery against these people in the second suit on the ground that full relief had been awarded it in the first suit.

The judgment in the first suit also set aside as to Pacific and intervener, the United States, three deeds conveying the lots involved in this suit; and the judgment in the second suit also set aside these deeds as to Pacific. Barney's, Inc., in which the title conveyed by these deeds ended, was a defendant to each of Pacific's suits. Two of the deeds thus set aside are in evidence and are Nos. (b) and (c) of those mentioned above. It affirmatively appears from the judgment in the first suit that the title of Barney's, Inc. was not divested and restored either to this concern's immediate grantor, Mrs. Howard, nor to Mr. or Mrs. Barnacastle, for it was provided in said judgment that the ultimate excess of the proceeds of the sale of said lots made under order of sale were to be paid to Barney's, Inc. This is in accordance with a notice of lis pendens filed, pertaining to the first suit but not to the second, which describes that suit as one against Barnacastle for debt and the deeds as being fraudulent.

This lis pendens was filed in the County Clerk's office on December 14, 1949, and was recorded the same day.

An attachment was also issued in this first suit, and on December 14, 1949, and it was levied on the lots on the next day, December 15, 1949, and on the same day was filed and recorded in the County Clerk's office.

The judgment in the first suit foreclosed Pacific's attachment lien on the lots and provided for the issuance of an order of sale and directed how the application of the proceeds of sale should be applied, and in so doing this judgment went outside of and beyond the first suit and made the order of sale applicable to the judgment in the second suit as well, about as if the two suits and the two judgments were really one proceeding. Briefly, the money awarded Pacific in the first suit was first to be paid from these proceeds and the balance of proceeds of sale was to be divided, a part going to Pacific to be applied on the judgment in the second suit and the rest going to the United States to be applied on its recovery in the first suit. Anything left was to go to Barney's, Inc., to whom, as we stated, title to the lots had been conveyed. Lot 271 and the east ten feet of lot 272 was first to be sold, and if this proved insufficient to pay the two judgments, then the balance of the lots was to be sold.

The United States took an appeal from these judgments, but the appeal was dismissed and the judgment became final.

For plaintiffs' right, plaintiffs proved an abstract of a judgment in their favor against Barnacastle for $4,500. This judgment was dated January 4, 1950 (after the filing and recording of lis pendens, attachment and levy mentioned above) but the sum awarded was to bear interest from January 1, 1949, thus suggesting that the demand was one for damages and indicating that this demand, whatever it was, existed on the latter date. The only parties to the suit were plaintiffs and Barnacastle.

An abstract of plaintiffs' judgment was filed on the day when the judgment was rendered, January 4, 1950, and on that day other requirements were complied with so as to make this judgment a lien against land owned by said Barnacastle.

Plaintiffs were not formal parties to either of Pacific's suits.

Plaintiffs also proved abstracts of judgments rendered against defendant Barnacastle and assessments against Barnacastle and wife by the United States. All of these judgments except one, and these assessments were made after plaintiffs' judgment was rendered and abstracted.

The order of sale which caused plaintiffs to apply for the injunction is in evidence. According to counsel's statement this writ must have been levied, and sale was intended thereunder and would have been made had the injunction not been granted. In form the provisions of this writ comply with the terms of the judgment in Pacific's first suit. No other lien except such as was created by the levy of the order of sale secures that part of the several sums awarded Pacific and the United States not secured by Pacific's attachment.

### Opinion

1. Plaintiffs failed to prove a lien against the lots in suit. Their claim of lien, as the statement from the evidence shows, is based on the abstracting of their judgment against Barnacastle, but this was done and, indeed, the judgment itself was rendered, all nearly seven months after Barnacastle and wife conveyed the lots to Mrs. Howard and after Mrs. Howard conveyed the lots to Barney's, Inc., and after these deeds were recorded in the County Clerk's office.

Plaintiffs say that since the judgments obtained by Pacific set aside these deeds as to Pacific and the United States, these deeds were set aside as to everyone, that is, title was taken out of Barney's, Inc., and was put back in the Barnacastles, and so their judgment lien did attach to the lots. However, as the summary of the evidence shows, the judgments did not purport to divest Barney's, Inc. of title. Instead, the title of Barney's, Inc. was respected and was left in force except to the extent necessary to pay the recoveries of Pacific and the United States. That is, the title of Barney's, Inc. was simply made subject to these recoveries; and on this record, at least, we cannot give these judgments a greater effect than they literally purport to have. This would certainly be the rule if the deeds mentioned were set aside because fraudulent as to a creditor. Thus, in John Hancock Mut. Life Ins. Co. v. Morse, 132 Tex. 534, 124 S.W.2d 330, at page 333, the court said: "A creditor's judgment subjecting property fraudulently conveyed by his debtor to the payment of his debt does not have the effect of reinvesting title in the fraudulent vendor. If there be any excess in the value of the property conveyed over the debts properly chargeable against same, such excess passes to the fraudulent vendee, and not the fraudulent vendor." And see also: Stevens v. Cobern, 109 Tex. 574, 213 S.W. 925; 20 Tex.Jur. 457 (Sec. 98), p. 552 (Sec. 197). Statements in the notice of lis pendens pertaining to Pacific's first suit, that in which attachment issued, indicate that the aforesaid deeds actually were "set aside" as to the demands of Pacific in that suit because made in fraud of Pacific's demand. The record contains no information pertaining to the nature of Pacific's second suit except the terms of the judgment therein as described above, but since the ultimate excess of the property was to go to Barney's, Inc., it is at least

possible that the judgment in Pacific's suit was rendered on the same theory as was that in Pacific's first suit and so it will not be given any greater effect than the latter judgment.

■ 2. Of course, if the deeds to Mrs. Howard and to Barney's, Inc. were fraudulent as to Pacific and the United States, it may be that they were in fraud of plaintiffs' rights, and that plaintiffs have a lien on the lots for this reason. Plaintiffs, however, have not asked for or suggested that they were entitled to this relief, in the trial court or in this court, and Barney's, Inc. and Mrs. Howard have not been made parties to this suit. Accordingly, the matter of fraud need not be further considered.

■ 3. Plaintiffs' right to relief by injunction fails if they prove no lien, for without any lien they are only general creditors, and Pacific is as much entitled to enforce its judgment as plaintiffs are entitled to enforce theirs.

Point 1 is sustained.

■ 4. These conclusions require that the order appealed from be reversed. But evidence summarized indicates the potential existence of a dispute over the existence and priority of liens, and this involves Pacific's right to enforce its order of sale as the judgment prescribing this order directs; and since this order of sale, in the form prescribed, has been issued and levied, and since mere dissolution of the injunction would leave in force rights created by the levy, a reversal and no more might determine an issue affecting the parties' substantive rights, and the proceeding will therefore be remanded that the parties' rights may not be affected by the order granting the injunction. Pacific plainly claims priority in right to payment out of the property for both of its judgments and has tied the payment of both into the order of sale which the judgment foreclosing the attachment directs to be issued. And it appears that under the doctrine of lis pendens and statutes concerning the same, namely, Arts.

6640 et seq., and Art. 6662, R.S.1925, Pacific's attachment has given that part of Pacific's first judgment secured by this attachment priority over any rights plaintiffs may have under their own judgment. However, there is nothing in evidence which would give Pacific's second judgment priority over plaintiffs' own judgment if plaintiffs can prove that their judgment is a lien on the property, and evidence summarized indicates that they may be able to do so. Yet, as we have indicated, if Pacific's order of sale be performed, plaintiffs' priority over Pacific's second judgment, if any priority they have, would be defeated, and priority might be important to plaintiffs because of the large amount of Pacific's second judgment. From the evidence, this matter of priority between plaintiffs' judgment and Pacific's second judgment appears to be material only if anything is left over after paying the debt secured by the attachment, but the value of the property has not been shown.

The order appealed from is reversed and the proceeding is remanded.

## On Motion for Rehearing

■ Pacific has filed a motion to clarify a statement in our original opinion, and the statement has been changed so as to express our intention more accurately. The rights of the parties should be determined in the trial court by whatever facts are in existence at the time the trial court comes to decide those rights.

■ Pacific has also filed a motion for rehearing and to tax costs against the plaintiffs. That part of the motion which alleges grounds for rehearing and prays for a rehearing and for changes in our judgment other than such as only concern the matter of costs is overruled. Pacific has a decree from us setting aside the trial court's injunction and we adhere to our conclusion that the proceeding should be remanded, for reasons stated in our original opinion. Further, it may be said that a remand is necessary to avoid determina-

tion of matters put in issue by the pleadings which the parties filed on the injunction proceedings now under review and which may be involved in proceedings yet to be had in the trial court. However, we will add these comments because of Pacific's argument under Ground 2 of its motion, and we mean these comments to bind the parties and the trial court. It is not impossible that plaintiffs may be entitled, while this suit is pending, to injunctive relief against performance of a writ based on Pacific's first judgment. Such a writ, if drawn as that judgment provides, and as the writ levied was drawn, would direct sale of the land on which plaintiffs claim a lien and would direct payment of the proceeds of sale to Pacific, to be applied on both of Pacific's judgments if an excess above the first one resulted. According to the facts before us, the writ would give authority to sell which would pass title. See: Simmons v. Arnim, 110 Tex. 309, at page 330, 220 S.W. 66, at page 73 (Headnote 12). And such a sale, under the doctrine of lis pendens, would divest the land in suit of plaintiffs' judgment lien, if plaintiffs have a judgment lien on the land, and would limit plaintiffs' rights to the excess above the attachment, of which, as we stated, the writ directs payment to Pacific. There is no place for the plaintiffs in this process; plaintiffs have to interrupt it at some point unless they are willing to take what is left over, or Pacific is entitled to have them do that, and except in the situations mentioned below, we think that plaintiffs are entitled to a judicial determination of what rights, if any, they may have against the land and against Pacific respecting the land before the land is sold to pay Pacific's second judgment. But if the writ based on Pacific's first judgment is drawn as that judgment directs, any sale under it would be one to enforce the second judgment—as well as one to enforce the first judgment— because, as we have stated, the writ would

order an application of proceeds of sale on the second judgment. So, injunctive relief against a sale under such a writ might be proper as being necessary to protect the trial court's jurisdiction over plaintiffs' dispute with Pacific's second judgment, regardless of the fact that such relief would also interfere with Pacific's first judgment.

However, since Pacific's first judgment, to the extent that it is secured by the attachment, has priority over the judgment lien claimed by the plaintiffs, and since said judgment lien, if it exists, could only, under the facts before us, attach to the proceeds of sale exceeding the sum secured by the attachment, plaintiffs would not be entitled to enjoin a sale under the writ based on Pacific's first judgment, and drawn as that judgment provides, unless they proved that such an excess actually would result; and if they did not make this proof, or if it were proved that all of the proceeds of sale would have to be applied on Pacific's first judgment, a sale under this writ should not be enjoined. Further, if the evidence did show that an excess would result, it might be possible for the trial court to order an injunction which would permit a sale under the writ and payment of the sum secured by the attachment but would hold the excess subject to the trial court's determination of plaintiffs' contest with Pacific's second judgment, and if circumstances permitted such an order to be made, the injunction granted should go no further, for this would give the plaintiffs all of the protection to which they are entitled.

Pacific's request to tax costs against the plaintiffs is granted as regards the costs of the injunction proceeding, both in the trial court and in this court, but is denied as regards other items.

Judgment will be entered in accordance with the opinions on file.