Opinion issued April 16, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00840-CV

————————————

**KERRY ANN WISE, Appellant**

**V.**

**CONNIE LOU CONKLIN, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-32399**

---

## MEMORANDUM OPINION

Appellant, Kerry Ann Wise, challenges the trial court's judgment, entered after a trial to the court, in favor of appellee, Connie Lou Conklin, in Wise's suit seeking to remove an alleged cloud from a title to real estate and to recover

damages for slander of title and tortious interference with a contract. In three issues, Wise contends that the evidence is legally and factually insufficient to support the trial court's judgment and the trial court erred in denying her request for attorney's fees.

We affirm.

## Background

In her third amended petition, Wise alleged that on or about July 6, 2010, she purchased from Warren Clay Fry a piece of property located at 20210 Pittsford, Katy, Harris County, Texas 77450 (the "Pittsford Property"). In connection with the transaction, Wise performed a title search, which showed that the property was unencumbered. Following her purchase, Wise renovated the Pittsford Property and received an offer to buy the property. As Wise and her buyers prepared to close the transaction, the title company discovered that Fry's ex-wife, Conklin, had filed an Abstract of Judgment against Fry approximately one month after Wise had purchased the Pittsford Property. According to Wise, the abstract affected her ability to transfer the property to her buyers because it clouded her title. Wise attempted to resolve the title issue with Conklin and her attorney, Patrick O'Fiel. However, Conklin refused to "release the property." Because of the "cloud on the title," Wise suffered damages, including loss of a sale, lost business opportunities, lost profits, and expenses in maintaining the

2

property. Wise sought removal of the alleged cloud from the title, damages for slander of title and tortious interference with a contract, and attorney's fees.

At trial, Wise testified that she entered into a contract to purchase the Pittsford Property from Fry for $86,000.00. The title company checked the property's title and determined "there were no encumbrances, no liens, and the property was free and clear." Fry executed and recorded the deed, which transferred the property to Wise on July 23, 2010. Following her purchase, Wise renovated the Pittsford Property with the help of her construction superintendent, Michael Dunn. In connection with the renovations, she incurred expenses of $62,104.59, plus $20,500.00 for Dunn's services and expenses. Subsequently, she entered into a contract to sell the property to John Lawrence and Aline Morales Packard for the purchase price of $206,500.00. She stood to make a profit of $37,895.41 on the sale.

Wise, however, could not close the sale with Lawrence and Packard because "the title was . . . cloudy" due to the Abstract of Judgment recorded on August 19, 2010 by Conklin. The abstract stated that Conklin had received a judgment against Fry for $375,609.50 on November 12, 2009.[1]

---

[1] *See* TEX. PROP. CODE ANN. § 52.003(a) (Vernon Supp. 2014) (abstract of judgment must contain names of plaintiff and defendant; defendant's birthdate; last three numbers of defendant's driver's license; last three numbers of defendant's social security number; number of suit in which judgment was

Upon learning of the abstract, Wise and Dunn attempted to contact Conklin and O'Fiel to explain their problem with selling the Pittsford Property. Conklin told Wise that "she would do nothing to help." And O'Fiel told Wise that "he could do nothing" and "his client [Conklin] refused to release the lien."

On October 26, 2010, Wise wrote a letter to Conklin and O'Fiel explaining that she could not sell the Pittsford Property to Lawrence and Packard because of the "clouded title" and requesting that they "please lift th[e] cloud." She received no response. On November 29, 2010, Wise's attorney sent, by certified mail to O'Fiel, a letter in which she explained that the abstract "resulted in clouding . . . Wise's title to th[e] property" and caused Wise to lose her sale of the property "because the title company refused to issue title insurance." Wise's attorney requested that Conklin sign a "Partial Release of Abstract of Judgment for . . . Wise's property." O'Fiel did not respond. Wise stated that she did not know why Conklin would not release the abstract and could not "get into [her] mind to know that" but opined that Conklin felt "[r]etaliation against the house" and "anger."

In his deposition, O'Fiel testified that, as a result of divorce proceedings between Conklin and Fry, Conklin secured a judgment of approximately $375,000.00 against Fry. Six or seven months after the entry of that judgment,

rendered; defendant's address; date on which judgment was rendered; amount of judgment; and rate of interest specified in judgment).

4

O'Fiel filed the Abstract of Judgment. He subsequently received a telephone call from "somebody" asking about the abstract and for a release of it. O'Fiel looked into the matter, but did not release the abstract. O'Fiel admitted to receiving Wise's personal letter and her attorney's letter, with a proposed Partial Release of the Abstract of Judgment, and stated that he had been notified by "[s]omebody . . . claim[ing] that a title company would not issue [a] policy."

Finally, Lennon Wright, Wise's trial attorney, testified that his rate is $350.00 per hour and Wise had incurred $1,750.00 in reasonable and necessary attorney's fees related to the removal of cloud from title.

The trial court rendered a take-nothing judgment against Wise on her claims for slander of title and tortious interference with a contract. And it issued findings of fact and conclusions of law. The trial court did not award Wise attorney's fees related to her action to remove a cloud from the title, upon which the court had previously granted Wise summary judgment.

## Sufficiency of Evidence

In her first issue, Wise argues that the evidence is legally and factually insufficient to support the trial court's finding and conclusion of law that Conklin did not commit slander of title because "[t]he refusal to release a lien created by an abstracted judgment on a homestead which results in a loss of a sale can constitute a slander of title." In her third issue, Wise argues that the evidence is legally and

5

factually insufficient to support the trial court's conclusion of law that Conklin did not tortiously interfere with her contract to sell the Pittsford Property to Lawrence and Packard because she "entered into a valid earnest money contract for the sale of the property," Conklin "had actual knowledge of . . . the contract that existed between [Wise] and the purchasers [and] . . . a clear cut indication about what would happen if she continued to refuse to release the lien," Conklin's "refusal to release the Abstract of Judgment was the proximate cause of [Wise's] damages," and Wise "sustained damage" by losing the sale of the property.

In an appeal from a judgment rendered after a trial to the court, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal and factual sufficiency of the evidence supporting them, just as we would review a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In conducting a legal-sufficiency review, we consider all of the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable fact finder could consider it, and disregard evidence contrary to the finding unless a reasonable factfinder could not disregard it. *Id.* at 827; *Brown v. Brown*, 236 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In a legal-sufficiency challenge on

6

an issue on which an appellant bears the burden of proof, she must demonstrate that the evidence conclusively established all vital facts to support the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 781 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In reviewing such a matter-of-law challenge, the court employs a two-part test. *Reliant Energy*, 336 S.W.3d at 781. The court first examines the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem.*, 46 S.W.3d at 241; *Reliant Energy*, 336 S.W.3d at 781. If there is no evidence to support the finding, the reviewing court examines the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem.*, 46 S.W.3d at 241; *Reliant Energy*, 336 S.W.3d at 781. If the contrary proposition is established conclusively, the issue is sustained. *Dow Chem.*, 46 S.W.3d at 241; *Reliant Energy*, 336 S.W.3d at 781.

In conducting a factual-sufficiency review, we review all of the evidence in a neutral light and will reverse only if the evidence supporting the finding is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust. *See Dow Chem.*, 46 S.W.3d at 242; *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). When a party is challenging the factual sufficiency of a finding regarding an issue upon which she had the burden of proof, she must demonstrate that the adverse

finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242; *Reliant Energy*, 336 S.W.3d at 782.

We review a trial court's conclusions of law as legal questions, de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Although a trial court's conclusions of law may not be challenged for factual sufficiency, we may review the legal conclusions drawn from the facts to determine whether the conclusions are correct. *Id.* If we determine that a conclusion of law is erroneous, but the trial court nevertheless rendered the proper judgment, the error does not require reversal. *Id.*

Finally, we note that, in a bench trial, the trial court is the sole judge of the witnesses' credibility, and it may choose to believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003); *Zenner v. Lone Star Striping & Paving L.L.C.*, 371 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

### Slander of Title

Wise asserts that "[t]he refusal to release a lien created by an abstracted judgment on a homestead which results in a loss of a sale constitutes a slander of title" and "[t]here is no question that the abstracted judgment clouded [her] title and made it impossible for her to sell" the Pittsford Property.

8

To recover in an action for slander of title, a party must allege and prove: (1) uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale. *See Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied). In her brief, Wise only addresses the last element, loss of a specific sale. Notably absent from her brief is any discussion, analysis, argument, or supporting authorities addressing the other necessary five elements of her slander of title claim.

A party that raises a legal-sufficiency challenge to a finding on an issue on which she bears the burden proof must demonstrate that the evidence conclusively establishes all vital facts to support the issue. *See Dow Chem.*, 46 S.W.3d at 241. And a party challenging the factual sufficiency of a finding regarding an issue on which she has the burden of proof must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *See id*. By not offering any discussion, analysis, argument, or supporting authorities related to all of the required elements of her slander of title claim, Wise cannot maintain her legal and factual-sufficiency challenges.

Further, an appellant's brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). A failure to provide substantive analysis of an issue or cite

appropriate authority waives the complaint. *See Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Accordingly, we hold that Wise has waived her challenge to the trial court's finding of fact and conclusion of law that Conklin did not commit slander of title. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (appellate court may deem points of error waived due to inadequate briefing).

Moreover, we note that the basis for Wise's slander of title claim is fundamentally flawed. Wise asserts that Conklin's "refusal to release the lien created by [the] abstracted judgment . . . which result[ed] in a loss of a sale" of the Pittsford Property constitutes slander of title. However, the filing of the Abstract of Judgment by Conklin did not place a lien on the Pittsford Property.[2]

A properly recorded and indexed abstract of judgment creates a lien on a *judgment debtor's real property* that is located in the county in which the abstract is recorded and indexed. TEX. PROP. CODE ANN. § 52.001 (Vernon Supp. 2014). Thus, once a judgment in favor of a judgment creditor has been secured, the creditor may wish to record an abstract of judgment in order to create a lien to attach to the judgment debtor's real property and to provide notice to subsequent purchasers and encumbrancers of the existence of the judgment against the debtor

---

[2] In fact, Wise's counsel admitted at trial that Conklin "didn't file a lien on the Pittsford Property. . . . She just filed the abstract."

10

and the lien. *See id.*; *Noble Mortg. & Invs., LLC v. D & M Vision Invs., LLC*, 340 S.W.3d 65, 81 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Olivares v. Birdie L. Nix Trust*, 126 S.W.3d 242, 247 (Tex. App.—San Antonio 2003, pet. denied).

Notably, however, the recording and indexing of a judgment creditor's abstract of judgment *only* impacts *real property owned by the judgment debtor*. *See* TEX. PROP. CODE ANN. § 52.001 (duly recorded abstract of judgment "constitutes a lien on *the real property of the defendant* located in the county in which the abstract is recorded and indexed" (emphasis added)); *First State Bank v. Jones*, 107 Tex. 623, 183 S.W. 874, 876 (1916); *Gaona v. Gonzales*, 997 S.W.2d 784, 786 (Tex. App.—Austin 1999, no pet.); *Ferguson v. Kuehn*, 246 S.W. 674, 675–76 (Tex. Civ. App.—Austin 1922, no writ). In other words, the recording and indexing of an abstract of judgment will not attach a lien to a property unless it is actually owned by the judgment debtor at the time of the abstract's recording. *See Smith v. Sumeer Homes, Inc.*, No. 05-11-01632-CV, 2013 WL 2467252, at *3–5 (Tex. App.—Dallas June 6, 2013, pet. denied) (mem. op.); *Gamer v. Love*, 41 S.W.2d 356, 359 (Tex. Civ. App.—Fort Worth 1931, writ dism'd w.o.j.); *Marks v. Bell*, 31 S.W. 699, 702 (Tex. Civ. App.—Dallas 1895, writ ref'd); *see also Westman v. James B. Clow & Sons, Inc.*, 38 F.2d 124, 125 (W.D. Tex. 1930) (recording of abstract of judgment does not, by itself, create lien); *Pacific Fin. Corp. v. Donald*, 286 S.W.2d 260, 263 (Tex. Civ. App.—Beaumont 1955, no writ)

11

(when judgment abstracted only after judgment debtor conveyed property to another individual, judgment did not create lien on property). Thus, in order to determine whether an abstract of judgment creates a lien on a particular piece of real property, it is imperative to determine who owned the property at the time the abstract was recorded. *See Gaona*, 997 S.W.2d at 786.

Here, Conklin's divorce attorney, O'Fiel, testified that as a result of divorce proceedings between Conklin and Fry, the previous owner of the Pittsford Property, Conklin secured a judgment of approximately $375,000.00 against Fry on November 12, 2009. Six or seven months after entry of that judgment, O'Fiel filed the Abstract of Judgment August 19, 2010.

There is no evidence, and Wise does not argue, that she was involved in the Conklin-Fry divorce proceedings or the judgment obtained by Conklin in those proceedings was against anyone other than Fry. Also, it is undisputed that the Abstract of Judgment was not recorded until after Fry had sold the Pittsford Property and Wise had become its owner. Given these circumstances, the Abstract of Judgment could not, as a matter of law, have created a lien on the Pittsford Property or affected it in any way. *See Smith*, 2013 WL 2467252, at *3–5 (abstract of judgment cannot create lien on property not actually owned by judgment debtor at time of recording); *Pacific Fin.*, 286 S.W.2d at 263 (where judgment abstracted after judgment debtor conveyed property to another, judgment did not create lien

12

on property); *Gamer*, 41 S.W.2d at 359 (abstract of judgment cannot relate back and create lien on property no longer owned by judgment debtor at time of filing); *First Nat'l Bank of McAllen v. Moore*, 7 S.W.2d 145, 146 (Tex. Civ. App.—San Antonio 1928, writ dism'd w.o.j.) (where judgment obtained in suit in which individual not party, recording of abstract of judgment cannot affect individual's title to property); *Ferguson*, 246 S.W. at 675–76 (abstract of judgment does not create lien on property of individual not defendant in suit); *Marks*, 31 S.W. at 702 (recording and indexing abstract of judgment does not create lien on property not owned by judgment debtor at time of recording); *see also Westman*, 38 F.2d at 125 (recording of abstract of judgment does not, by itself, create lien).

Further, because Conklin's Abstract of Judgment did not create a lien on the Pittsford Property, Conklin could not have been required to release a lien that did not exist or the Abstract of Judgment, which did not name Wise or pertain to the Pittsford Property. *See Leslie v. W. Steel Co.*, 202 F. Supp. 27, 28 (S.D. Tex. 1962) (applying Texas law and explaining, "[t]he holder of a judgment has an inherent right to have h[er] judgment abstracted and recorded, and there is no duty of the holder of such judgment to issue any release to parties owning land who are not mentioned in said abstract judgment"). While it is unfortunate that the title company, utilized by Wise and her buyers for the attempted sale of the Pittsford

Property, did not understand that the Abstract of Judgment had no effect on the Pittsford Property, blame cannot be placed on Conklin for this misunderstanding.

We overrule Wise's first issue.

### Tortious Interference

Wise next asserts that she "has satisfied each required element" of her claim for tortious interference with a contract.

To establish a cause of action for tortious interference, a plaintiff must prove that (1) a contract subject to interference exists; (2) the defendant committed a willful and intentional act of interference with the contract; (3) the act proximately caused injury; and (4) the plaintiff sustained actual damages or loss. *ACS Invs., Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). Because it is dispositive, we focus on Conklin's alleged willful and intentional act of interference.

Interference is tortious only if it is intentional. *See Southwestern Bell Tel. Co. v. John Carlo Tex., Inc.*, 843 S.W.2d 470, 472 (Tex. 1992). The intent required is the intent to interfere, not just intent to do the particular act done. *See id.* To establish a willful and intentional act of interference, there must be evidence that a party was more than a willing participant; it must knowingly induce one of the contracting parties to breach its obligations. *See Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 927 (Tex. 1993); *Funes v. Villatoro*, 352 S.W.3d 200, 213 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Here, Wise asserts that "the evidence is convincing that [she] made clear to Conklin and her attorney that she was going to lose the sale of the Pittsford [Property], which was under contract, if the property was not released from the abstract . . . . [and] Conklin acted maliciously towards her by intentionally refusing to execute a release of lien on property to which [Conklin] had no right, title or interest."

The evidence presented at trial, however, does not establish that Conklin acted with the requisite intent in refusing to release the Abstract of Judgment. O'Fiel, Conklin's divorce attorney, testified that he filed the Abstract of Judgment six or seven months after Conklin had obtained a judgment against Fry. He subsequently received a call from "somebody" asking about the abstract and whether he would release it. O'Fiel ultimately did not "take any actions to release the Abstract of Judgment" and did not "intend[] to release [it]." As he explained:

> After I realized that the abstract was filed after [Fry] sold [the Pittsford Property], it didn't really make a whole lot of sense of why somebody would need a release of an abstract that doesn't affect the property. It just didn't make any sense. . . . I didn't know the details. All I know is I get calls from these people that I've never met before that have never had any involvement with me stating that they want something that I couldn't understand why they needed it, because it didn't affect their property anymore.

Although O'Fiel stated that he had been notified by "somebody . . . claim[ing] that a title company would not issue [a] policy," he noted that he thought the title company could make "an exception" and he did not

15

know "how far they [went] with the policy." Further, "[a]fter [his] conversation with the title company, [he did not] recall any other communications with them," therefore, as far as he knew, "they could have figured out a way" around the alleged title problem. We hold that O'Fiel's testimony does not establish a willful and intentional act of interference with a contract by Conklin.

Further, we note that Wise did not call Conklin as a witness, and Wise, herself, testified that she did not know why Conklin did not release the Abstract of Judgment and could not "get into [Conklin's] mind to know that." This evidence does not show a "willful and intentional act of interference." *See ACS Invs.*, 943 S.W.2d at 430.

We conclude that the trial court correctly applied the law to the facts of the case. Accordingly, we hold that the trial court did not err in concluding that Conklin did not tortiously interfere with Wise's contract. *See BMC Software*, 83 S.W.3d at 794.

We overrule Wise's third issue.

### Attorney's Fees

In her second issue, Wise argues that the trial court erred in not awarding her attorney's fees because she "filed this suit as a Declaratory Judgment action in order to remove the cloud on the title" and "is only asking for attorney's fees for the removal of the cloud, not for the action for damages." Wise asserts that her

16

attorney "testified during the trial of this case that the sum of $1,750 was a reasonable and necessary fee for removal of the cloud" and "[t]his testimony was not refuted or questioned in any manner."

The Uniform Declaratory Judgment Act ("UDJA") "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). Because the grant or denial of attorney's fees is within the sound discretion of the trial court, its judgment will not be disturbed on appeal in the absence of a clear showing that it abused its discretion. *Oake v. Collin Cnty.*, 692 S.W.2d 454, 455 (Tex. 1985); *Indian Beach Prop.*, 222 S.W.3d at 706.

A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Indian Beach Prop.*, 222 S.W.3d at 706. A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules

17

or principles. *Bocquet*, 972 S.W.2d at 21; *Indian Beach*, 222 S.W.3d at 706. We presume that the trial court acted within the bounds of discretion unless the record shows the contrary. *Sanchez v. AmeriCredit Fin. Servs., Inc.*, 308 S.W.3d 521, 526 (Tex. App.—Dallas 2010, no pet.); *Beard v. Endeavor Natural Gas, L.P.*, No. 01-08-00180-CV, 2008 WL 5392026, at *8 (Tex. App. —Houston [1st Dist.] Dec. 19, 2008, pet. denied) (mem. op.). Here, the trial court did not reveal the basis for its denial of attorney's fees; therefore, we may uphold its ruling on any basis supported by the evidence. *Beard*, 2008 WL 5392026, at *8. It is Wise's burden to bring a record showing that the trial court abused its discretion. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987).

In her petition, Wise labeled her suit to remove "cloud" from the Pittsford Property's title as a declaratory judgment action, and she sought a declaration that "the abstract of [judgment had] no force and effect against" the property. Wise moved for partial summary judgment on this claim, which the trial court granted. She did not move for summary judgment on her attorney's fees claim. At trial, Wright, Wise's attorney, testified that his rate is $350.00 per hour and he incurred a total of $1,750.00 in reasonable and necessary attorney's fees related to the removal of cloud from title.

Although Wise asserts that she is entitled to attorney's fees under the UDJA, "[a] declaratory judgment action may not be used solely to obtain attorney's fees

18

that are not otherwise authorized by statute or to settle disputes already pending before a court." *Southwestern Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Here, an examination of the pleadings reveals that Wise's declaratory-judgment action is, in reality, a suit to remove a cloud from a title.

> A suit to clear title or quiet title—also known as a suit to remove cloud from title . . . exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." . . . The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title.

*Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (internal citations omitted); *see also Vernon v. Perrien*, 390 S.W.3d 47, 61–62 (Tex. App.—El Paso 2012, pet. denied) (explaining suit to remove cloud from title). Wise states in her petition that she "brings this action against the [d]efendant to remove the cloud, so that she may sell it in the future." And the trial court in its judgment determined "that the Abstract of Judgment . . . has no force and effect as to" the Pittsford Property. We conclude that Wise's suit is one to remove a cloud from a title.

"Attorney's fees are not available in a suit to quiet title or to remove cloud on title." *Southwestern Guar. Trust*, 981 S.W.2d at 956. And the UDJA cannot be used to "supplant [such a suit] by allowing attorney's fees under these circumstances." *Id.*; *see also Sani v. Powell*, 153 S.W.3d 736, 746 (Tex. App.—

Dallas 2005, pet. denied) ("In substance Powell's claim for declaratory relief is a claim to quiet title. . . . We conclude . . . that Powell was not entitled to an award of attorney's fees under the [UDJA]."); *DAS Inv. Corp. v. Nowak*, No. 01-02-00140-CV, 2004 WL 396983, at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 4, 2004, no pet.) (mem. op.) (where counterclaim alleged liens were clouds on title and were unenforceable and prevented defendants from having good and marketable title to property, defendants could not recover attorney's fees under UDJA because claim was one to quiet title); *Kennesaw Life & Acc. Ins. Co. v. Goss*, 694 S.W.2d 115, 117–18 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (UDJA could not be used to recover attorney's fees for a suit brought to remove cloud from title). Accordingly, we hold that the trial court did not abuse its discretion by failing to award Wise her attorney's fees.

We overrule Wise's second issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.