**TPEA NO. 5 CREDIT UNION,**
Appellant,

v.

**Juan M. SOLIS, Appellee.**

No. 6185.

Court of Civil Appeals of Texas,
Waco.

Aug. 28, 1980.

William J. Stroman, Del Rio, for appellant.

Sol E. Arledge, Del Rio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Credit Union from judgment: 1) permanently enjoining the Sheriff of Val Verde County from selling described real property to satisfy Credit Union's abstracted judgment against Ciriaco Menchaca, and 2) removing cloud cast by such judgment on the property.

Juan Solis, plaintiff, filed this suit against the Sheriff of Val Verde County, alleging that on May 9, 1975 Ciriaco and Florentina Menchaca, husband and wife, agreed to sell him described real property (a house and lot) for $2000 which he paid; that a general warranty deed was prepared but was executed by Florentina Menchaca alone on November 18, 1977, and recorded on May 26, 1978; that Ciriaco Menchaca abandoned his wife and family without signing such deed; that Credit Union obtained judgment for $4129.60 against Ciriaco on March 15, 1978, and abstracted their judgment and have requested the Sheriff to levy on the property here involved to satisfy such judgment. Plaintiff prayed for injunction to prevent the Sheriff from selling such property. Thereafter Credit Union was made a party to this suit.

Trial was before the court which rendered judgment for plaintiff for permanent injunction against the Sheriff selling the property, and decreeing the cloud on the property by virtue of Credit Union's abstracted judgment against Ciriaco Menchaca removed.

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

1) The real property here involved is community property of Ciriaco Menchaca subject to his sole management and control according to Section 5.24 Texas Family Code.

2) On May 9, 1975, Florentina Menchaca wife of Ciriaco contracted to sell the property to Juan Solis, plaintiff (who was her future son–in–law). Solis paid $2000 to Florentina and subsequently made $4000 improvements.

3) Prior to May 9, 1975, Ciriaco Menchaca had abandoned his wife and disappeared.

4) The property is not homestead property of Ciriaco Menchaca and wife Florentina, nor is it the homestead of Solis.

5) Prior to May 9, 1975, Ciriaco instructed Florentina to sell the property for necessities.

6) The procedure given in Section 5.25 of the Texas Family Code was not followed.

7) Credit Union took judgment against Ciriaco Menchaca on March 15, 1978

for $4,129.60, and abstracted and filed such in the judgment records of Val Verde County on April 27, 1978. A Writ of Execution was issued and the property levied on by the Sheriff on May 25, 1978.

8) Florentina signed two deeds conveying the property to Solis, one dated May 9, 1975, and the other dated November 18, 1977. The first deed was never recorded, the second deed was recorded on May 22, 1978. Neither deed was signed by Ciriaco.

9) Record title was in Ciriaco at the time Credit Union took and abstracted its judgment.

10) Credit Union had no notice of the contract of sale to Solis nor of the unrecorded deeds to Solis at the time the judgment was taken or at the time the abstract of judgment was filed with the County Clerk.

### Conclusions of Law

1. Credit Union's judgment against Ciriaco Menchaca taken March 15, 1978 and abstracted on April 27, 1978 did not attach to the real property here involved.

2. There exists no lien upon or valid claim against such property.

3. The procedure described in Section 5.25 Texas Family Code is not the exclusive manner for a spouse to sell non–homestead property.

Credit Union appeals contending the trial court erred in concluding and holding that its Abstract of Judgment did not attach to the property, and that appellant had no lien on the property.

Credit Union asserts Article 6627 VATS, which provides that unrecorded deeds shall be void as to creditors without notice is controlling in this case; that it became a creditor within the meaning of Article 6627 when it abstracted its judgment; that Solis's deed was unrecorded at that time; that there is no evidence it had notice of Solis's claim at the time its judgment was abstracted; and that Solis's deed is void as to it.

■ The proper recording and indexing of a judgment creates a lien on all non–exempt real property of a judgment debtor in the county where the record and index are made; and the lien attaches when the recording and index are made. Article 5449 VATS; *Munzesheimer v. Leopold*, Tex.Civ. App. (Galveston) Er.Ref. WM, 163 S.W.2d 663.

■ And it is well settled that a lien of the judgment creditor, who has fixed a lien upon real estate by abstracting a judgment, takes precedence over a prior unrecorded deed executed by the judgment debtor, unless the creditor has notice of the unrecorded deed at or before the time the lien was fixed on the land. Article 6627, VATS; *Bova v. Wyatt*, Tex.Civ.App. (Galveston) Er.Ref., 140 S.W.2d 601; *McDonald v. Powell Lumber Co.*, Tex.Civ.App. (Beaumont) Er.Ref., 243 S.W.2d 192; *Eagle Lumber Co. v. Trainham*, Tex.Civ.App. (San Antonio) NRE, 365 S.W.2d 702; *North East Independent School District v. Aldridge*, Tex.Civ. App. (Amarillo) NRE, 528 S.W.2d 341.

■ In the instant case Credit Union's judgment was abstracted April 27, 1978; plaintiff's deed was unrecorded at that time; and plaintiff did not have notice of the unrecorded deeds.

Section 5.61(c) Texas Family Code provides "The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by him or her before or during marriage".

The property here involved was subject to Credit Union's judgment against Ciriaco Menchaca. The procedure outlined in Section 5.25 Texas Family Code was not followed.

Assuming the conveyance by Florentina Menchaca to Solis a valid conveyance binding on the parties and on Ciriaco Menchaca, Article 6627 nonetheless makes the conveyance void as to defendant Credit Union. A grantee holding an unrecorded deed from Ciriaco Menchaca would have been subject to the provisions of Article 6627, and a

grantee of Florentina Menchaca can have no greater rights than a grantee of Ciriaco. Thus, plaintiff must yield to the superior interest of defendant judgment creditor under Article 6627.

Credit Union's contentions are sustained. The judgment of the trial court is reversed and judgment here rendered dissolving the injunction and decreeing Credit Union's judgment lien valid as against plaintiff's prior unrecorded deeds.

REVERSED & RENDERED.