**TEXAS AMERICAN
BANK/LEVELLAND,
Appellant,**

v.

**Jesse RESENDEZ and Wife, Anita
Resendez, Appellees.**

**No. 07–85–0023–CV.**

Court of Appeals of Texas,
Amarillo.

Feb. 26, 1986.

---

2. The attention of the trial court is called to *Ex parte Johnson*, 654 S.W.2d 415 (Tex.1983).

Hook & Husen, Richard L. Husen, Levelland, for appellant.

Boedeker & McCann, LaVern I. McCann, Levelland, for appellees.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Texas American Bank/Levelland brings this appeal from a judgment of the trial court overruling appellant's motion for summary judgment and granting appellees' a summary judgment. In that judgment, the trial court vested title in appellees of the hereinafter described real property free and clear of any lien in favor of appellant. We affirm the trial court's judgment.

As might be surmised, the facts in this case are uncontroverted. On or about November 17, 1980, appellees entered into a contract with Loveta Alford to purchase all of 1409 West Jefferson St. (Lot 22) in Block 216, Twelfth Addition to the City of Levelland, Hockley County, with the improvements located on the lot but without the oil, gas, and other minerals under the property. The total consideration for the purchase was $4,000, of which $500 was paid in cash upon the execution of the instrument and the remainder was to be paid in monthly installments. Upon the completion of payment of the purchase price, it was agreed that "seller shall provide to the purchaser a good and sufficient deed." The contract was not recorded. Upon the execution of the contract, the purchasers moved into the house on the premises, established their

home, and have resided there continuously since that time. The final installment due under the contract was paid to Loveta Alford on November 10, 1983.

On February 17, 1984, appellees obtained a judgment in the amount of $1,860.61 against Norris Alford, Sr. and Loveta Alford. An abstract of this judgment was filed in the appropriate Hockley County record on February 22, 1984. On May 11, 1984, at 10:35 a.m., warranty deeds from L.B. Kelso to Loveta Alford and from Norris Alford, Sr. et ux. Loveta Alford to appellees were filed. Both of the deeds were dated May 1, 1984. The Kelso deed was recorded in Volume 414, page 391 and the Alford deed was recorded in Volume 414, page 393, all in the Deed Records of Hockley County. Of course, both of the deeds conveyed the subject property.

In attacking the trial court's judgment, appellant first points out the provision of Tex.Prop.Code Ann. § 52.001 (Vernon 1984)* that upon proper recordation of an abstract of judgment, it becomes a lien upon real property of the defendant located in the county in which the abstract of judgment is filed and indexed. Appellant further cites section 13.001 which, in material part, provides that an unrecorded conveyance of real property is void as to a creditor without notice. Since, it says, neither the conveyance to the Alfords nor the sale contract to appellees was recorded at the time its abstract of judgment was filed, its lien was superior to any claim of appellees. In support of this proposition, it cites the rule articulated by the Court in *TPEA No. 5 Credit Union v. Solis*, 605 S.W.2d 381 (Tex.Civ.App.—Waco 1980, no writ), that the lien of a judgment creditor takes precedence over a prior unrecorded deed executed by the judgment debtor, unless the creditor has notice of the unrecorded deed at or before the time the lien was fixed on the land. *Id.* at 383. Moreover, since no conveyance to the Alfords was of record at the time of the fixing of its lien and the

contract from the Alfords to appellees was not recorded, it says it is especially clear it could have had no notice of any claim under Alford by appellees, and this rule is particularly applicable. We disagree.

■ As this Court pointed out in *Jensen v. Bryson*, 614 S.W.2d 930 (Tex.Civ. App.—Amarillo 1981, no writ), section 13.-001 (formerly article 6627) is a legislative creation in derogation of the common law and equitable principles and must be strictly construed. *Id.* at 933. *See also Johnson v. Darr*, 114 Tex. 516, 272 S.W. 1098, 1099 (1925). The clear language of the statute, emphasized by the reference to acknowledgement or proof for recordation, mandates the conclusion that it operates only on some writing passing an interest in land. A contract of sale, such as the one here in question, is not effective as a conveyance, but is an executory contract for the sale of land. *Federal Life Ins. Co. v. Martin*, 157 S.W.2d 149, 152 (Tex.Civ.App. —Texarkana 1941, writ ref'd). Thus, the contract was not such an instrument that passed an interest in the realty. Similar to the contract in *Jensen v. Bryson*, 614 S.W.2d at 933, it merely specified the conditions for the future passing of the seller's interest to appellees. Until appellees had performed their covenant by the payment of the purchase price, they possessed but an equitable right. *Johnson v. Wood*, 138 Tex. 106, 157 S.W.2d 146, 148 (1941); *Guzman v. Acuna*, 653 S.W.2d 315, 319 (Tex. App.—San Antonio 1983, writ dism'd).

■ As this Court noted in *Lusk v. Parmer*, 114 S.W.2d 677 (Tex.Civ.App.— Amarillo 1938, writ dism'd), it is well settled that in considering a judgment lien, the courts "will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate." *Id.* at 682. The rationale for that preference is that a judgment lienholder is not in any sense an innocent purchaser. As the Court stated in *First State Bank of*

---

\* Subsequent citation to section numbers are to those sections of the Texas Property Code Anno-      tated.

*Amarillo v. Jones,* 107 Tex. 623, 183 S.W. 874 (1916), in referring to a judgment lienholder:

> If his lien fails to attach, he loses nothing. His judgment still remains unimpaired in its full amount. In such a case, even though the owner of the land has been negligent in failing to provide a correct record notice of his title, still his negligence has not resulted in injury to the judgment creditor.

*Id.* at 876.

■ On November 10, 1983, when appellees completed payment of the purchase price and thereby completed their performance under the contract, their equitable right ripened into an equitable title superior to that of the Alfords. *Magee v. Young,* 145 Tex. 485, 198 S.W.2d 883, 886 (1946); *Johnson v. Wood,* 157 S.W.2d at 148. The equitable title, at that time, became a present right on the part of appellees to the legal title to the land and was of such a nature as to be legally enforceable. *Magee v. Young,* 198 S.W.2d at 886; *Johnson v. Darr,* 272 S.W. at 1100; *Pickle v. Whitaker,* 224 S.W.2d 741, 745 (Tex.Civ.App.—El Paso 1949, writ ref'd). That equitable title was not subject to registration and therefore, with respect to the rights of creditors, not within the operation and purview of section 13.001. As this Court commented in *Lusk v. Parmer,* 114 S.W.2d at 682, "a creditor, who for the purpose of collecting a debt fixes a lien on land by judicial process, does not, before the sale thereunder, have a superior right to the party who has acquired an equitable interest by having paid his money for such interest."

As we have noted, appellant also argues that, since the Alfords had not recorded any instrument showing their title, appellant could not have been on any notice as to any claim of appellees through the Alfords and, as a creditor without notice, its lien takes precedence over any interest of appellees. In support of this proposition, it places primary reliance upon the case of *TPEA No. 5 Credit Union v. Solis,* 605 S.W.2d 381. In that case, on May 9, 1975,

Ciriaco Menchaca and his wife Florentina had agreed to sell Juan Solis the property in question. Florentina Menchaca signed two deeds conveying the property to Solis, one dated May 9, 1975, and the other dated November 18, 1977. Neither deed was signed by Ciriaco Menchaca, the community manager at the time. The first deed was never recorded but the second deed was recorded on May 22, 1978. On March 15, 1978, the credit union took judgment against Ciriaco Menchaca and filed an abstract of that judgment on April 27, 1978. Of course, the question involved was whether the credit union's lien was superior to any title which Solis might have obtained by his deed.

The *Solis* Court held the credit union lien superior to the unrecorded deed to Solis. En route to that decision, the Court commented that Tex.Rev.Civ.Stat.Ann. art. 5449 (now section 52.001) provided that the recording of a judgment created a lien upon all non-exempt property of a judgment debtor, and, by virtue of Tex.Rev.Civ. Stat.Ann. art. 6627 (now section 13.001), the well-settled rule was that such a judgment lien took precedence over a prior unrecorded deed executed by the judgment debtor unless the creditor had notice of the unrecorded deed at or before the time the lien was fixed on the land. The Court placed considerable emphasis on the fact that the credit union did not have notice of the unrecorded deeds. *Id.* at 383. That case is distinguishable from the case *sub judice.*

In *Solis,* the instruments under consideration were unrecorded deeds, instruments clearly within the purview of the recordation statute and, therefore, by the terms of that statute, void as to a creditor without notice. Since the well-established principles pertaining to an equitable title and the numerous cases establishing those rules were not discussed or considered in the opinion, we can only assume that that question was not raised by the evidence and was not before the Court. In the case *sub judice,* as we have pointed out above, at the time appellant obtained its judgment

and filed the abstract of that judgment, appellees' right had matured into an equitable title.

We reiterate that an equitable title acquired independent of legal title is not subject to or governed by the registration statute and the superiority of such a title may be asserted against a judgment lien creditor even though he had no notice of the equitable title at the time of fixing his lien. *Jensen v. Bryson*, 614 S.W.2d at 933; *N.E. Independent School Dist. v. Aldridge*, 528 S.W.2d 341, 343 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Roeser & Pendleton, Inc. v. Stanolind Oil & Gas Co.*, 138 S.W.2d 250, 253 (Tex.Civ.App.—Texarkana 1940, writ ref'd). Moreover, even assuming, arguendo, the statute was applicable, a holding we specifically do not make, to prevail a creditor must be without notice of the unrecorded instrument. It is well settled that an open, exclusive, and visible possession of the premises, such as that admittedly held by appellees, at the time when the right of a creditor attaches, is notice of the right under which it is held. *Paris Grocer Co. v. Burks*, 101 Tex. 106, 105 S.W. 174, 175 (1907). This is so because one who seeks to assert an interest in a tract of land is required to make inquiry of the possessor as to the nature of the claim under which he holds. *Id.* at 175. Therefore, whether or not the conveyance to Alford and the purchase contract between Alford and appellees had been recorded, appellees' possession and use of the premises constituted notice to appellant sufficient to prevent it from claiming the benefit of the statute.

Appellant's grounds of error are overruled and the judgment of the trial court affirmed.