**Arthur GAONA, Appellant,**

v.

**Rodolfo V. GONZALES, Appellee.**

No. 03–98–00071–CV.

Court of Appeals of Texas,
Austin.

July 15, 1999.

Rehearing Overruled Sept. 16, 1999.

Bret E. Hanes, Wichita Falls, for Appellant.

Dan G. Hoffman, Houston, for Appellee.

Before Justices KIDD, B.A. SMITH and POWERS.*

BEA ANN SMITH, Justice.

We consider in this appeal whether the equitable rights of one who has contracted to buy real property prevail over a judgment lien placed on the property by a creditor of the seller. Appellee Rodolfo

* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by as-

Gonzales obtained a summary judgment ordering the foreclosure of his lien on land appellant Arthur Gaona had contracted to buy. We will reverse the judgment and remand the cause.

In his sole issue on appeal, Gaona contends that the trial court erred in rendering summary judgment. As the movant for summary judgment, Gonzales was required to show that no genuine issue of material fact existed and that he was entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). To determine whether summary judgment was proper, we review the evidence in the light most favorable to Gaona, taking all evidence in Gaona's favor as true and resolving all doubts as to the existence of a genuine issue of material fact in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

The land in dispute is an undivided one-half interest in three lots in the city of San Angelo. The summary-judgment evidence shows that on December 17, 1991, in Harris County, Rodolfo Gonzales recovered a judgment against Rachel Gonzales. Rachel at that time owned an undivided one-half interest in the three lots. On January 27, 1995, Gaona made an initial payment of $5000 on Rachel's interest in the property, and he made subsequent payments to Rachel on terms agreed to between them. On June 7, 1995, Rodolfo recorded an abstract of his judgment in the real property records of Tom Green County. Rachel and Gaona formalized their agreement concerning the property on August 15, 1995, by executing a promissory note. The note recites that Gaona will pay Rachel the principal amount of $70,000, $15,000 of which he has already paid, in return for Rachel's conveying a warranty deed to the undivided one-half interest in the three lots. On April 25, 1996, Rachel executed to Gaona a warranty deed to the property, retaining a vendor's lien. The deed was

signment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

recorded in the real property records of Tom Green County on May 28, 1996.

Relying on the existence of his judgment lien and the later deed to Gaona, Rodolfo sued Gaona for judicial foreclosure of his lien against the property. Rodolfo moved for summary judgment on the ground that Rachel owned the property when his lien arose and that Gaona afterward acquired the property subject to Rodolfo's lien. In response to the motion, Gaona denied that Rachel owned the property when Rodolfo recorded his abstract of judgment and asserted that he acquired the property in January 1995. Rodolfo replied that any conveyance to Gaona that preceded the deed is void as to Rodolfo, a judgment creditor, unless the conveyance was properly recorded. The trial court rendered summary judgment for Rodolfo, ordering foreclosure of the lien and sale of the property, without stating its grounds. On appeal, Gaona argues that the rights he acquired in the property before Rodolfo recorded the abstract of judgment are superior to Rodolfo's judgment lien.

■ When Rodolfo recorded the abstract of judgment, his judgment lien attached to all Rachel's real property in Tom Green County. Tex. · Prop.Code Ann. § 52.001 (West 1995). We must therefore determine the parties' rights in the property on the date of recording, June 7, 1995. Under the common law, the lien of a judgment creditor attaches only to the interest in the land actually owned by the debtor. *First State Bank v. Jones,* 107 Tex. 623, 183 S.W. 874, 876 (1916). A judgment creditor does not enjoy the status of an innocent purchaser for value without notice because, if his judgment lien fails to attach, his judgment remains unimpaired in its full amount and he has lost nothing. *Id.; Texas Am. Bank/Levelland v. Resendez,* 706 S.W.2d 343, 346 (Tex.App.—Amarillo 1986, no writ). In partial abroga-

tion of the common law, the recording statute provides that an unrecorded conveyance of real property is void as to a judgment creditor without notice.[1] Tex. Prop.Code Ann. § 13.001(a) (West Supp. 1999); *Resendez,* 706 S.W.2d at 345. Because it is in derogation of common law and equitable principles, the recording statute must be strictly construed. *Johnson v. Darr,* 114 Tex. 516, 272 S.W. 1098, 1099 (1925); *Resendez,* 706 S.W.2d at 345.

■ By its terms, the recording statute operates only on writings that convey an interest in land. *Park Central Bank v. JHJ Invs. Co.,* 835 S.W.2d 813, 814 (Tex. App.—Fort Worth 1992, no writ); *see Darr,* 272 S.W. at 1099. Gaona's summary-judgment evidence presents the existence of an agreement he made with Rachel in January 1995, pursuant to which he began making payments to acquire her undivided one-half interest in the land. Such an agreement was not a conveyance of the land, but merely an executory contract to convey it. *Federal Life Ins. Co. v. Martin,* 157 S.W.2d 149, 152 (Tex.Civ. App.—Texarkana 1941, writ ref'd); *Resendez,* 706 S.W.2d at 345; *Jensen v. Bryson,* 614 S.W.2d 930, 933 (Tex.Civ.App.—Amarillo 1981, no writ). On Gaona's future performance of the agreement to pay the purchase price of the land, he would be entitled to have the land conveyed to him. Further, the agreement Gaona asserts was oral, not written. For these reasons, the recording statute has no effect on the agreement between Rachel and Gaona.

■ Because the recording statute does not control, Rodolfo is subject to the common-law rule that his judgment lien attached only to the interest in the land actually owned by Rachel. Rachel's agreement with Gaona preceded the recording of Rodolfo's judgment. Under the execu-

---

1. Section (a) of the recording statute provides:

   A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consider-
   ation without notice unless the instrument has been acknowledged, sworn to, or proved and filed of record as required by law.

   Tex. Prop.Code Ann. § 13.001(a) (West Supp. 1999).

tory contract to convey the land, Gaona acquired an equitable right to make payments on the property and to receive a deed and legal title when he completed the payments. *Johnson v. Wood*, 138 Tex. 106, 157 S.W.2d 146, 148 (1941); *Resendez*, 706 S.W.2d at 345. Until Gaona fully performed the contract, Rachel retained legal title to the property, but held that title subject to Gaona's equitable rights. This is all that Rodolfo could acquire: legal title subject to Gaona's equitable rights, which could not be extinguished by Rodolfo's lien. Equitable rights in real property owned by someone other than the debtor, which rest in parol, will be protected against a judgment lien. *Jones*, 183 S.W. at 876; *Carlisle v. Holland*, 289 S.W. 116, 118 (Tex.Civ.App.—El Paso 1926, writ ref'd); *see also Resendez*, 706 S.W.2d at 346 (on performing executory contract to convey land, buyer acquired equitable title superior to judgment lien on land). A judgment creditor who acquires a lien on land that is subject to equitable interests is not protected against those interests despite his lack of notice. *Garrison v. Citizens' Nat'l Bank*, 25 S.W.2d 231, 232 (Tex. Civ.App.—Waco 1930, writ ref'd).

■ By way of analogy to our case, we note the application of the common-law rule to a buyer who has fully performed an executory contract to convey land. Upon full performance, the buyer's equitable right ripens into an equitable title superior to legal title to the property. *Wood*, 157 S.W.2d at 148. Because the buyer's equitable title arises by operation of law and does not depend on the execution of a deed, the title is not subject to recording and it is protected even though the seller's judgment creditor had no notice of the equitable title. *Resendez*, 706 S.W.2d at 346–47; *JHJ Invs. Co.*, 835 S.W.2d at 815; *Jensen*, 614 S.W.2d at 933. Although Gaona's equitable rights had not ripened into equitable title when Rodolfo recorded the abstract of judgment, his equitable rights resemble equitable title in that they arose by operation of law, and they are similarly entitled to protection from Rodolfo's judgment lien.

■ Rachel's legal title, as it existed when Rodolfo recorded his abstract of judgment, could be reached by Rodolfo's lien subject to Gaona's equitable rights. *Pevehouse v. Oliver Farm Equip. Sales Co.*, 114 S.W.2d 658, 662–63 (Tex.Civ. App.—Amarillo 1938, writ dism'd); *see* 5 Herbert Thorndike Tiffany, *The Law of Real Property* § 1583, at 709 (3d ed.1939). Rodolfo's lien entitled him to receive from Gaona the amount of the purchase price remaining unpaid when the lien arose; on Gaona's full payment of the purchase price, Rodolfo would be required to convey legal title to the land to Gaona. *See Pevehouse*, 114 S.W.2d at 663; *May v. Emerson*, 52 Or. 262, 96 P. 454, 455–56 (1908); III *American Law of Property* § 11.29, at 85–86 (A. James Casner ed., 1952); 5 Tiffany § 1583, at 710. It appears that the portion of the remaining purchase price payable to Rodolfo by Gaona depends on Gaona's actual notice of Rodolfo's lien. *See May*, 96 P. at 455–56; III *American Law of Property* § 11.29, at 85; 2 A.C. Freeman, *A Treatise of the Law of Judgments* § 966, at 2029–30 (5th ed.1925).

Because Gaona raised an issue of fact regarding his equitable rights to the property sufficient to defeat Rodolfo's grounds for summary judgment, we sustain Gaona's issue. In light of our disposition of Gaona's issue, we overrule Rodolfo's motion to sanction Gaona for a frivolous appeal. *See* Tex.R.App. P. 45. We reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.