Opinion issued February 12, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00131-CV

————————————

**STEPHEN M. YAMIN, JR., Appellant**

**V.**

**CARROLL WAYNE CONN, L.P., Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 16-CV-1486**

---

## MEMORANDUM OPINION

Stephen M. Yamin, Jr. appeals the trial court's take-nothing judgment in favor of Carroll Wayne Conn, L.P., in Yamin, Jr.'s suit seeking declaratory judgment and injunctive relief related to the execution of a judgment lien on real property.  In his

first issue, Yamin, Jr. contends that the trial court erred because the evidence conclusively established that the property on which Conn seeks to execute its judgment lien is Yamin, Jr.'s homestead and, therefore, exempt from execution. In his second issue, Yamin, Jr. argues that he is entitled to an award of reasonable and necessary attorney's fees. We affirm.

## Background

Conn holds a judgment against Yamin, Jr., signed by the 157th District Court of Harris County, Texas, on January 23, 2007, in the amount of $261,804.76, plus attorney's fees of $7,000, and post-judgment interest.[1] On May 28, 2013, Conn filed an abstract of judgment with respect to the Harris County judgment in the Galveston County Clerk's Office.

On December 28, 2016, Yamin, Jr. filed an original petition and verified application for temporary restraining order and temporary injunction, against Conn, seeking: (1) an injunction to prevent an execution sale of the property located at 3523 Cove Lane, Galveston, Texas ("Cove Lane property");[2] (2) a declaratory judgment

---

[1] *Carroll Wayne Conn, L.P. v. Stephen Michael Yamin, Jr.*, Cause No. 2004-27535.

[2] The property is more particularly described as Lots 28 and 29 of Block 1, Pirates Cove, Section 6, Second Amending Plat, a subdivision in Galveston County, Texas, according to the map or plat thereof recorded in volume 18, page 574 of the Office of the County Clerk of Galveston County, Texas. Pursuant to a writ of execution, a sheriff's sale of the property was scheduled for January 3, 2017.

that the Cove Lane property is his homestead and, therefore, exempt from execution; and (3) a decree removing Conn's judgment lien as a cloud on title to the Cove Lane property.[3] On December 30, 2016, the trial court issued a temporary restraining order and set a temporary injunction hearing. On January 11, 2017, the trial court signed an agreed temporary injunction order.

On November 10, 2017, the trial court held a bench trial. The parties presented the evidence below.

On October 25, 2012, Yamin, Jr., as buyer, entered into a contract for deed with the seller, 5310 Woodway, LLC, to purchase the Cove Lane property for $135,832.35. The contract for deed on behalf of 5310 Woodway, LLC, was executed by Yamin, Jr.'s mother, Mary Ann Yamin.[4] The property was unimproved land both at the time the contract for deed was executed in 2012 and the abstract of the Harris County judgment was recorded in 2013. Payments on the contract for deed were completed on September 22, 2014. No site preparation or construction of improvements on the Cove Lane property began until 2015.

---

[3] Yamin, Jr. also named Galveston County Sheriff Henry A. Trochesset as a defendant but later nonsuited him.

[4] 5310 Woodway, LLC had acquired the property two months earlier via a general warranty deed.

3

On April 26, 2016, 5310 Woodway, LLC executed a special warranty deed to Yamin, Jr. covering the Cove Lane property,[5] which was subsequently recorded with the Galveston County Clerk's Office. On this same date, in an unrelated action, Conn obtained a jury verdict against Mary Ann Yamin, Stephen Michael Yamin, Sr., Texas Black Iron, Inc., and 5310 Woodway, LLC,[6] setting aside various fraudulent transfers and holding that Texas Black Iron was the alter ego of Stephen M. Yamin, Sr. and responsible for Conn's outstanding 2010 judgment against Yamin, Sr.[7]

On April 29, 2016, Yamin, Jr. filed an application for residential homestead exemption with the Galveston County Appraisal District for the Cove Lane property. The application states that Yamin, Jr. had resided on the property since January 1, 2016. However, the record reflects that the Building Division of the City of Galveston did not issue a residential certificate of occupancy until July 8, 2016. Yamin, Jr.'s affidavit of designation of homestead was filed and recorded with the Galveston County Clerk's Office on December 27, 2016.

---

[5]    The special warranty deed covered Lots 28 and 29 in Block 1 of Pirates Cove, Section 6.

[6]    *Carroll Wayne Conn, L.P. v. Mary Ann Yamin, Texas Black Iron, Inc. and 5310 Woodway, LLC,* Cause No. 2013-47764, in the 55th District Court of Harris County, Texas.

[7]    That judgment, styled *Carroll Wayne Conn, L.P. v. Stephen Michael Yamin, Sr.*, Cause No. 2009-05065, was signed by the trial court on April 5, 2010.

At trial, Yamin, Jr. testified that he did not begin residing at the Cove Lane property until July 8, 2016. Prior to that date, he lived at 1718 Nantucket, in Houston, Texas—the address shown on his Texas driver's license issued on January 6, 2016—and he later moved into an apartment at the Gables on San Felipe, in Houston. Both residences are within a few blocks of his office.

Yamin, Jr. testified that, after the certificate of occupancy was issued, he began residing at the Cove Lane property for more days during the week than at his Gables apartment in Houston. He testified that, notwithstanding the fact that construction of a home on the Cove Lane property did not begin until 2015, he had intended the Cove Lane property to be his home since December 2012.

On November 22, 2017, the trial court rendered judgment that Yamin, Jr. take nothing on his claims, including the injunction against Conn's execution of its judgment lien against the Cove Lane property, declaratory judgment, and attorney's fees. The trial court vacated and dissolved the agreed temporary injunction, and it awarded Conn its court costs. On November 29, 2017, the trial court issued findings of fact and conclusions of law.

On December 22, 2017, Yamin, Jr. filed a motion to set aside judgment, revise findings of fact and conclusions of law, and a motion for new trial. On February 20, 2018, the trial court denied the motion for new trial. This appeal followed.

## Standard of Review

The district court's findings of fact in a bench trial have the same force and dignity as a jury's verdict upon jury questions, *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991), and are similarly reviewed for legal and factual sufficiency of the evidence. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). When reviewing the evidence for legal sufficiency, we consider the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). Evidence is legally insufficient if the record reveals: (a) the complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *Id*. at 810. Evidence is legally sufficient if it would enable fair-minded people to reach the verdict under review. *Id*. at 827.

When reviewing the evidence for factual sufficiency, we must weigh all the evidence in the record and overturn the findings only if they are so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We may not pass upon the witnesses'

6

credibility or substitute our judgment for that of the trier of fact, even if the evidence would support a different result. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

We review the district court's legal conclusions de novo. *BMC Software*, 83 S.W.3d at 794. The court's conclusions will be upheld unless they are erroneous as a matter of law. *Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 803 (Tex. App.—Austin 2004, pet. denied). Incorrect conclusions will not require reversal if controlling findings of fact will support a correct legal theory. *Id.*

### Homestead Interest and Judgment Lien

In his first issue, Yamin, Jr. contends that the trial court erred in rendering a take-nothing judgment against him because the evidence conclusively established that the property on which Conn seeks to execute his judgment lien is Yamin, Jr.'s homestead and, therefore, exempt from execution. Conn argues that its judgment lien is superior to any homestead interest of Yamin, Jr. in the Cove Lane property.

### A. Applicable Law

A homestead interest is a legal interest created by the Texas Constitution that protects property from all but the few types of constitutionally permitted liens that may be imposed against a homestead. *See Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992); TEX. CONST. art. XVI, § 50. A party claiming homestead protection has the burden to establish that the property is a homestead. *Burk Royalty Co. v.*

7

*Riley*, 475 S.W.2d 566, 568 (Tex. 1972); *Holland v. Alker*, No. 01-05-00666-CV, 2006 WL 1041785, at *3 (Tex. App.—Houston [1st Dist.] Apr. 20, 2006, pet. denied) (mem. op.).

To establish homestead rights in Texas, a party must prove usage of the land combined with an intent on the part of the owner to claim the land as a homestead. *Salomon v. Lesay*, 369 S.W.3d 540, 554 (Tex. App.—Houston [1st Dist.] 2012, no pet.) "No specific writing is needed to claim a homestead. By the mere act of using and enjoying a property as a home, a person qualifies for the protections mandated by the Texas Constitution." *Id.* (quoting *Dodd v. Harper*, 670 S.W.2d 646, 649 (Tex. App.—Houston [1st Dist.] 1983, no writ)). "Absent actual occupancy or intent to occupy coupled with overt acts of preparation evidencing that intention, no homestead right attaches." *Chesson*, 149 S.W.3d at 809 (quoting *Silvers v. Welch*, 127 Tex. 58, 91 S.W.2d 686, 687–88 (1936)). "It is essential that there be an existing bona fide intention to dedicate the property as a homestead, and the intent must be accompanied by such acts of preparation and such prompt subsequent occupation as will amount to notice of the dedication." *Chesson*, 149 S.W.3d at 809. The overt acts by the debtor to prepare the property for occupation must proceed to such an extent as to manifest beyond doubt the intention to complete the improvements and reside upon the property as a home. *See Farrington v. First Nat'l Bank of Bellville*, 753 S.W.2d 248, 250 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

8

A judgment lien is created by filing and indexing an abstract of judgment. *See Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 38 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Jong Ik Won v. Fernandez*, 324 S.W.3d 833, 834–35 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Section 52.001 of the Texas Property Code provides:

> Except as provided by Section 52.0011 or 52.0012, a first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this chapter, if the judgment is not then dormant, constitutes a lien on and attaches to any real property of the defendant, other than real property exempt from seizure or forced sale under Chapter 41, the Texas Constitution, or any other law, that is located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing.

TEX. PROP. CODE 52.001.

Generally, a lien may not attach to property that is held as the debtor's homestead, which is protected from all debts except those delineated by the Texas Constitution. *See* TEX. CONST. art. XVI, § 50; *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 634 (Tex. 1987). However, a lien or encumbrance will prevail over a homestead claim if the lien or encumbrance existed before the property became a homestead. *Harris*, 736 S.W.2d at 635 ("Thus, we reaffirm that when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead.").

9

**B.    Analysis**

Yamin, Jr. contends that the Cove Lane property is, and has always been intended as, his homestead. Thus, he argues, Conn's judgment lien did not attach to the property.

Yamin, Jr., as buyer, executed a contract for deed to purchase the Cove Lane property from 5310 Woodway, LLC, as seller, on October 25, 2012. Conn filed its abstract of judgment in the Galveston County Clerk's Office on May 28, 2013. Therefore, upon execution of the contract for deed in 2012, Yamin, Jr. acquired an interest in the Cove Lane property to which Conn's judgment lien attached as soon as the abstract of judgment was recorded in 2013, unless the property was Yamin, Jr.'s homestead. *See* TEX. PROP. CODE § 52.001.

It is undisputed that the property was unimproved land as to which no preparation for establishing a homestead had taken place, both at the time the contract for deed was executed in 2012 and when the abstract of judgment was recorded in 2013. Although Yamin, Jr. made the final payment under the contract for deed on September 22, 2014, the ground breaking did not occur until 2015. In an affidavit dated December 30, 2014, Mary Ann Yamin averred that no "land clearing, site preparation or other work or construction of work of any kind (including the destruction or removal of existing improvements) has been

10

commenced . . . and no construction materials have been delivered to the land."

*Chesson*, 149 S.W.3d at 809.

The occupation of the property as homestead following the preparatory acts must be prompt. *See Siller v. LLP Mtg., Ltd.*, 264 S.W.3d 324, 329 (Tex. App.—San Antonio 2008, pet. denied). Here, the evidence shows that, in the time period following execution of the 2012 contract for deed, Yamin, Jr. resided in a townhouse in Houston—which is also the residence listed on his Texas driver's license issued on January 6, 2016—and later in an apartment in Houston. *Chesson*, 149 S.W.3d at 809 ("Absent actual occupancy or intent to occupy coupled with overt acts of preparation evidencing that intention, no homestead right attaches."). Although Yamin, Jr.'s application for residential homestead exemption, filed on April 28, 2016, states that he had resided on the property since January 1, 2016, the City of Galveston did not issue a certificate of occupancy until July 8, 2016. At trial, Yamin, Jr. testified that he did not begin residing at the Cove Lane property until July 2016.

Yamin, Jr. argues that, even if the property was not his homestead from the time the 2012 contract for deed was executed, the contract for deed was not recorded until 2016, and a judgment lien cannot attach to an unrecorded interest. He asserts that when he filed and recorded his deed in 2016, a structure was built and he intended the property to be his homestead. In support of his argument, Yamin, Jr.

11

relies on *Texas American Bank/Levelland v. Resendez*, 706 S.W.2d 343 (Tex. App.—Amarillo 1986, no writ).

*Resendez* is inapposite to the case before us. In that case, the Resendezes entered into a contract for deed with Alford to purchase a tract of land and the improvements located on the land. *Id.* at 344. The contract was not recorded. *Id.* Upon execution of the contract, the Resendezes moved into the house on the property and established their home, and they resided there continuously thereafter. *Id.* at 344–45. After the Resendezes made the final payment under the contract, thereby obtaining title to the property, Texas American Bank obtained a judgment against Alford and filed an abstract of judgment in the county clerk's records. *Id.* at 345. The bank sued the Resendezes, alleging that its lien on the property was superior to the Resendezes' claim. *Id.* at 345. The trial court rendered judgment in favor of the Resendezes. *Id.*

In affirming, the appeals court held that when the Resendezes completed payment of the purchase price, thereby completing their performance under the contract, their equitable right ripened into an equitable title superior to that of Alford, the seller. *Id.* at 346. Here, by contrast, Conn held a duly recorded judgment lien against Yamin, Jr., the buyer, before he became the owner of equitable title in 2014, and before any act to establish a homestead had occurred.

Further, the fact that an equitable title owner has not yet received a deed that is recorded in the county clerk's office does not defeat his interest or otherwise render it void. An equitable title does not need to be recorded to be enforceable. *See id.* at 347 (concluding Resendezes' equitable title became present right to legal title to land, was of such nature as to be legally enforceable, and was not subject to registration requirements under Texas recording statute). Because Conn's judgment lien attached to Yamin, Jr.'s equitable right in the property in 2013 when it filed its abstract of judgment, and to Yamin, Jr.'s equitable title in September 2014 when he made the final payment under the contract for deed and before any homestead rights were established, the judgment lien prevails over any alleged subsequently established homestead of Yamin, Jr. *See Harris*, 736 S.W.2d at 635.

The evidence in the record is legally and factually sufficient to support the trial court's conclusion that the lien created by Conn's abstract of judgment filed May 28, 2013, attached to Yamin, Jr.'s interest in the Cove Lane property prior to any alleged homestead interest of Yamin, Jr. *City of Keller*, 168 S.W.3d at 807; *Ortiz*, 917 S.W.2d at 772. We overrule Yamin, Jr.'s first issue.

## Attorney's Fees

In his second issue, Yamin, Jr. contends that the trial court erred in denying his request for attorney's fees. He asserts that, upon remand, he is entitled to reasonable and necessary attorney's fees.

13

Under the Uniform Declaratory Judgments Act, the court "may award . . . reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. A party need not prevail to be awarded attorney's fees under the Act. *See Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *City of Pasadena v. Gennedy*, 125 S.W.3d 687, 701 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). The party seeking to recover attorney's fees bears the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

The court's decision to award attorney's fees under the Uniform Declaratory Judgments Act is reviewed on appeal for an abuse of discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

Here, the trial court ordered that Yamin, Jr. take nothing on his claims and it denied his request for attorney's fees. In its Conclusion of Law No. 14, the court found that "Yamin, Jr., a judgment debtor, has failed to prove the existence of a homestead interest in the Cove Lane property that is superior to Conn's judgment lien" and "such failure makes an award of attorneys' fees to [Yamin, Jr.] neither

14

equitable nor just." The trial court did not abuse its discretion in denying Yamin, Jr.'s request for attorney's fees. We overrule his second issue.[8]

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

---

[8] In light of our disposition, all pending motions are dismissed as moot.