

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-22-00409-CV, 04-22-00410-CV

Jim **KIRKLAND** and Joe Kirkland,
Appellants

v.

**V & S TOTAL TRADE, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court Nos. 2022CV01025, 2022CV01033
Honorable Kevin Henderson, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: June 12, 2024

VACATED IN PART; REVERSED AND RENDERED IN PART

In these consolidated forcible detainer appeals, appellants Jim Kirkland and Joe Kirkland appeal the trial court's judgment awarding possession of real property and attorney's fees to appellee V & S Total Trade, LLC ("Total Trade").[1] In their first two issues, the Kirklands argue the county court did not have jurisdiction to hear the forcible detainer because the issue of possession was inextricably intertwined with a challenge to title of the property. In their third

---

[1] The trial court cause number pertaining to the forcible detainer against Jim is 2022CV01025. The trial court cause number pertaining to the forcible detainer against Joe is 2022CV01033.

issue, the Kirklands argue that, even if the trial court had jurisdiction to hear the forcible detainer, there is insufficient evidence supporting the trial court's judgment, including an award of attorney's fees. Total Trade argues these appeals are moot. We vacate the trial court's judgment in part and reverse and render in part.

## BACKGROUND

In September 2010, Joe Kirkland entered into an executory contract with Raul Daniel Portillo and Diego Portillo[2] to purchase real property located at 1619 Buena Vista, San Antonio, Texas 78207 ("the property"). The property is a multi-family residential property.[3] Joe and his father, Jim Kirkland, each lived in one of the apartments on the property.

The executory contract, which also included the sale of two other properties that are not subject to this appeal, states Joe "agrees to take over mortgage payments on all three properties" and "agrees to pay said mortgage loan payments on time every month until loans are paid in full." The executory contract was never recorded in the Bexar County real property records. Joe partially performed his obligations under the contract; however, he discovered there were defects in the property that were not disclosed when he executed the contract for deed. Therefore, in March 2011, the parties signed an addendum that amended the original executory contract to reduce the purchase price of the properties to offset the cost of the repairs. The addendum also states:

> [Joe] Kirkland who has [taken] over payments, properties and all responsibilities of said rental properties understands all payments should be made by the due date, before late fee[]s ideally and definitely before 30 days ha[ve] expired to help Mr. Portillo stay in good credit standing. It[] is also understood that all mortgages and utilities were 90 to 120 days behind and at risk of foreclosure when [Joe] Kirkland purchased the properties. [Joe] Kirkland intends to switch the loans into his name in the near future and payoff the Portillo family as soon as

---

[2] According to the executory contract, Diego Portillo signed the contract with power of attorney for Raul Julio Portillo.
[3] According to the Kirklands' bench brief, the property also contains two commercial units; however, this forcible detainer pertains to possession of two of the residential units.

possible. [Joe] Kirkland will do everything in his power to make said payments on time and will reimburse Mr. Portillo $20 per each occurrence should mortgages get behind 30 days, [Joe] Kirkland will reimburse $30 for each 60[-]day late occurrence and $50 per occurrence should he get 90 days behind.

The addendum went on to allow the Portillo family to make mortgage payments should Joe fail to make the payments. It provides for a $500 penalty if Joe did not reimburse the Portillo family within sixty days, a $1,000 penalty if Joe did not reimburse the Portillo family within ninety days, and the executory contract would be voided if Joe failed to reimburse the Portillo family within 120 days. The addendum was recorded in the real property records in June 2018, but the original executory contract remained unrecorded.

At some point, the mortgage holder initiated a non-judicial foreclosure of the property. On December 7, 2021, Total Trade purchased the property at the foreclosure auction for $115,000. Total Trade then sought to evict Joe and Jim, who were still residing in two of the apartments on the property. After Joe and Jim refused to vacate the property, Total Trade initiated the underlying forcible detainer actions. The justice court granted the forcible detainers awarding possession to Total Trade. Joe and Jim timely appealed the judgments to the county court at law.

On May 27, 2022, a de novo bench trial on the merits was scheduled on the two forcible detainer appeals from the justice court. However, the parties disagreed on whether the trial court had subject matter jurisdiction to hear the forcible detainer.

The Kirklands asserted they fulfilled their obligations under the executory contract as evidenced by a deed signed by Diego Portillo and Raul Daniel Portillo's heirs[4] in August 2014 purportedly conveying the property's title to Joe. According to the Kirklands, the conflicting deeds created a title issue that must be resolved before the trial court could determine possession.

---

[4] According to the Kirklands, Raul Daniel Portillo died sometime before August 2014 and an administration of his estate was never opened.

Notably, the warranty deed, which was attached to the Kirkland's bench brief, was not signed by all the grantor heirs, and the Kirklands conceded at trial that it was never recorded in the real property records.

The Kirklands informed the trial court that Joe was currently pursuing a wrongful foreclosure claim and a trespass to try title claim in a Bexar County District Court. They conceded that the wrongful foreclosure action may proceed independently of the forcible detainer. However, they contended the right to possession could not be determined independently of the trespass to try title claim, essentially arguing the question of which party was entitled to superior possession of the property is inextricably intertwined with the title dispute. Therefore, they argued the court of proper jurisdiction for the dispute was in district court and the trial court—a county court at law—did not have jurisdiction to adjudicate possession under the facts of this case.[5]

Total Trade asserted the deed of trust provides that any occupants of the property following a non-judicial foreclosure sale would be considered tenants at sufferance and may be removed by writ of possession. Total Trade argued the trial court had jurisdiction because the tenancy at sufferance clause allows the trial court to determine that Total Trade has a superior right of possession of the property without having to adjudicate the title dispute.

After the parties made their jurisdictional arguments, the trial court invited the parties to submit briefs on the jurisdictional issue and took the cases under advisement. No testimony or documentary evidence was admitted at the trial. The parties submitted bench briefs with exhibits attached.

---

[5] The proper forum for a forcible detainer suit is the justice court of the precinct where the real property is located. TEX. PROP. CODE ANN § 24.004(a). "Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dismissed w.o.j.). "[N]either a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit." *Id.*

Without any further proceedings, on June 9, 2022, the trial court signed a judgment in each underlying cause that stated it had proper jurisdiction over the cause and awarded Total Trade exclusive possession of the property. The judgments also awarded Total Trade $2,500 in attorney's fees and $164 in court costs in each cause and set a supersedeas bond of $700.

Neither Joe nor Jim posted the bond. The trial court issued a writ of possession in each cause, and the record contains a return showing the writs of possession were successfully executed on July 6, 2022. Joe and Jim appeal.

## DISCUSSION

The Kirklands argue on appeal that the trial court did not have jurisdiction to render judgment because the title dispute is inextricably intertwined with the possession issue and possession cannot be determined until the district court resolves the title dispute. They also contend that even if we determine the trial court had jurisdiction to resolve the forcible detainer, there is insufficient evidence to support the trial court's judgment because no evidence was admitted at trial.

Total Trade asserts this appeal is moot because the Kirklands failed to post the supersedeas bond and no longer have possession of the property. Because "appellate courts lack jurisdiction to decide moot controversies and render advisory opinions," we must first address whether this appeal is moot. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 864–65 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## MOOTNESS

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (original proceeding). Generally, an appeal is moot when the court's actions on

the merits cannot affect the parties' rights or interests. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

The only issue in a forcible detainer action is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in the amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. While a forcible detainer defendant's "failure to post a bond superseding the judgment does not per se divest him of his right to appeal, it may moot the appeal such that this court is divested of its jurisdiction." *Guillen*, 494 S.W.3d at 865 (italics omitted) (citing *Marshall*, 198 S.W.3d at 786–87). If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless the defendant: (1) timely and clearly expressed his or her intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *Marshall*, 198 S.W.3d at 787.

It is undisputed that Joe and Jim timely expressed their intent to appeal the trial court's judgment. Thus, the only issue is whether they asserted a potentially meritorious claim of right to current, actual possession of the property.

*(A) Joe Kirkland's Appeal: Possession*

Joe contends he is entitled to current, actual possession of the property because he fulfilled his obligation under the executory contract. The executory contract states "[t]he properties will be signed over to [Joe] Kirkland once the principal is paid in full." In his bench brief, and on appeal,

Joe points to the general warranty deed he attached to his bench brief and asserts this deed is proof that he fulfilled his obligation to pay the principal amount of the mortgage. According to Joe, the competing titles in this case—his warranty deed and Total Trade's substitute trustee's deed—cloud title to the property. Because it is unclear who has title to the property, Joe argues he has a potentially meritorious claim of right to current, actual possession of the property. We disagree with Joe's contention that the general warranty deed is proof that he satisfied his obligation to pay the mortgage and that the warranty deed gives Joe a potentially meritorious claim of right to actual possession of the property.

Here, the general warranty deed attached to the Kirklands' bench brief is not signed by all the grantors. The warranty deed lists Barbara Portillo, Sandra Leticia Portillo, Sonia Portillo, Jesse Portillo, Raul Portillo, Jr., Carlos Portillo, Diego Portillo, Janine Portillo, and Liz Portillo as the grantors of the property. However, the warranty deed in the record before us is not signed by Barbara Portillo, Sonia Portillo, or Jesse Portillo. Because it is not fully executed, the warranty deed in the record before us does not show that title to the property was transferred to Joe. Thus, Joe's argument that the warranty deed is proof he satisfied his obligations under the executory contract lacks merit. We also note the warranty deed was never recorded in the real property records. *See* TEX. PROP. CODE ANN. § 13.001(a) ("A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.").

Further, the executory contract did not vest Joe with title. The executory contract at issue here, including the addendum, is subject to the mortgage owed on the property. "A contract for deed, unlike a mortgage, allows the seller to retain title to the property until the purchaser has paid for the property in full." *Flores v. Millenium Ints., Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005). "[A]

contract for sale 'is not effective as a conveyance, but is an executory contract for the sale of the land.'" *Everett v. Arreola*, No. 04-14-00259-CV, 2015 WL 1938752, at *3 (Tex. App.—San Antonio Apr. 29, 2015, no pet.) (mem. op.) (quoting *Tex. Am. Bank/Levelland v. Resendez*, 706 S.W.2d 343, 345 (Tex. App.—Amarillo 1986, no writ)). "A contract for sale merely specifies the conditions for the future passing of the seller's interest in real property to the purchaser." *Everett*, 2015 WL 1938752, at *3.

Here, the executory contract expressly states "Joe Kirkland agrees to take over mortgage payments on all three properties" and that he "agrees to pay said mortgage loan payments on time every month until loans are paid in full." According to the executory contract, Joe is only entitled to clear title of the property after he satisfies his obligations under the executory contract, including the obligation to pay off the mortgage on the property. Until Joe satisfies his obligations under the executory contract, he is not entitled to title of the property. On this record, there is no indication Joe has paid off the principal balance of the mortgage.

Raul Portillo signed the deed of trust encumbering the property on November 24, 2004. Section 22 of the deed of trust permits the lender to accelerate the note and initiate a non-judicial foreclosure sale if the borrower defaults on the loan.[6] Section 22 states:

> **If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.**

Because there is no indication Joe fully satisfied his obligations under the executory contract, his right to possession flows through the Portillo owners. Under section 22 of the deed

---

[6] Section 18 of the deed of trust also authorizes the lender to accelerate the note if the borrower transfers the property in a contract for deed and allows the lender to invoke the remedies under section 22.

of trust, Joe became a tenant at sufferance. Because Joe is a tenant at sufferance under the deed of trust, he is unable to assert a potentially meritorious claim of right to current, actual possession of the property. *See Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied (alterations omitted) ("A person who refuses to surrender possession of real property on deman commits a forcible detainer if the person is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease."); *see also Bankr. Est. of Wilson v. Petty*, No 05-06-01502-CV, 2008 WL 2068063, at *4 (Tex. App.—Dallas May 16, 2008, no pet.) (mem. op.) (holding a forcible detainer defendant's appeal is moot when she relinquished possession of the property and the only way she could show a superior right to possession was to prevail in her dispute of a foreclosure deed in district court). Based on the tenancy at sufferance clause, the determination of possession was not inextricably intertwined with title.

The only dispute in a forcible detainer case is the issue of which party has the right to immediate possession of the property. *See Dormady*, 61 S.W.3d at 557. Here, Joe concedes he no longer has possession of the property, and the record does not show that Joe has a potentially meritorious right to current, actual possession of the property. Therefore, even if we were to conclude the trial court lacked jurisdiction in the underlying case or there was insufficient evidence to support the judgment, we could not grant Joe any actual relief because reversal does not entitle Joe to reclaim possession of the property. *See Bankr. Est. of Wilson*, 2008 WL 2068063, at *4 ("Reversal of the judgment of possession for lack of subject-matter jurisdiction on a direct appeal would not, in and of itself, entitle [the forcible detainer defendant] to retake possession of the property."). The purpose of the forcible detainer suit was fulfilled, and the judgment voluntarily satisfied, when Joe failed to post a supersedeas bond and relinquished possession of the property. *See Marshall*, 198 S.W.3d at 787 ("Usually, when a judgment debtor voluntarily satisfies the

judgment, the case becomes moot and the debtor waives any right to appeal."). Because the record before us does not show that Joe has a potentially meritorious right to current, actual possession of the property, we conclude Joe's appeal is moot as to the issue of possession.[7]

*(B) Jim Kirkland's Appeal: Possession*

Jim also concedes he is no longer in possession of the property. Jim does not have any alleged interest in the property. His only claim to a right of current, actual possession of the property is through Joe's permission to reside at the property. Because we have already concluded the record does not show that Joe has a potentially meritorious right to current, actual possession of the property, we must also conclude that Jim does not have a potentially meritorious right to current, actual possession of the property. Accordingly, Jim's appeal is moot as to the issue of possession.

Because the issue of possession is moot, we must vacate the trial court's judgments of possession. *See Marshall*, 198 S.W.3d at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *see also Devilbliss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.) (vacating the trial court's judgment when the issue of possession is moot in a forcible detainer appeal).

---

[7] Our reasoning and disposition in this appeal should not be read as expressing an opinion on the merits of Joe's wrongful foreclosure and title claims currently pending in district court. We are limited to review only the record before us. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 444 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Even though a forcible-detainer judgment adjudicates the right to immediate possession, that determination can later be altered if a judgment, in a separate suit adjudicating the parties' rights to other issues involving the real property, results in a different determination of possession."). Our holding today is limited to a conclusion that, on the record before us, Joe has not shown he has a current, actual right to possession of the property; therefore, his forcible detainer appeal is moot.

**ATTORNEY'S FEES**

In their third issue, the Kirklands argue there is insufficient evidence to support the trial court's judgment, including the award of attorney's fees.

"Although the issue of possession is moot, issues independent of possession are still reviewable on appeal." *Cavazos v. San Antonio Hous. Auth.*, No 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.). "In the forcible detainer context, issues such as a challenge to the award of attorney's fees are not rendered moot by a defendant's failure to supersede the judgment and subsequent loss of possession of the property." *Rodriguez v. De Leon*, No. 13-22-00349-CV, 2024 WL 1665681, at *2 (Tex. App.—Corpus Christi–Edinburg April 18, 2024, no pet. h.) (mem. op.).

"[I]f the defendant files an answer, as in this case, a trial court may not render judgment on the pleadings[,] and the plaintiff is required to offer evidence and prove all aspects of its claim." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009); *see also McClane v. New Caney Oaks Apts.*, 416 S.W.3d 115, 119 (Tex. App.—Beaumont 2013, no pet.) (holding landlord "was required to offer evidence to prove the case" in a forcible detainer proceeding). "When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). Thus, Total Trade was required to offer evidence to prove its claims for attorney's fees against Joe and Jim.

A party challenging the legal sufficiency of an adverse finding on an issue which it did not have the burden of proof must demonstrate that there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). Here, there was no evidence admitted at trial. Accordingly, the trial court's award of attorney's fees is not supported by any evidence. We sustain the Kirklands' third issue pertaining to attorney's fees.

CONCLUSION

The Kirklands' appeals are moot as to the issue of possession. Accordingly, we vacate the trial court's judgments of possession. We reverse the trial court's judgments awarding attorney's fees and render judgment that Total Trade recover no attorney's fees in each cause. Costs are taxed against the party who incurred them. *See Marshall*, 198 S.W.3d at 790 ("If the trial court's judgment is vacated as a result of the case being moot, however, either there will be no order assessing costs and each party will be required to pay its own costs under Texas Rule of Civil Procedure 127, or the appellate court will tax costs.").

Irene Rios, Justice